UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ERNEST J. PAGELS,

        Plaintiff,

v.                                      Case No. 15-cv-890-pp

UNITED STATES OFFICE OF
PERSONNEL MANAGEMENT,

        Defendant.

---

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT (DKT. NO. 8)**

---

        On July 22, 2015, plaintiff Ernest J. Pagels, Jr., who is representing himself, filed a complaint against the United States Office of Personnel Management ("OPM"). Dkt. No. 1. The plaintiff asks the court to enter an order compelling OPM to give him a copy of the medical records that the United States Postal Service ("USPS") allegedly used to determine that he is ineligible for employment with the USPS. See Doc. 1-2, at 2. The government has moved for summary judgment, contending that the court should enter judgment in its favor because the plaintiff did not exhaust his administrative remedies to obtain his medical records through agency procedures available to him. Dkt. No. 9, at 1. For the reasons explained in this order, the court will grant the government's motion.

**I.    UNDISPUTED FACTS**

        The plaintiff is a United States Air Force veteran, and he is disabled. He was employed by the USPS in the past, and he has been unsuccessful in his

1

attempts to secure another position with the USPS. According to the Declaration of Erin M. Dimick, an Employment and Placement Specialist for the USPS, in June 2015, the plaintiff applied for employment with the USPS in Warren, Pennsylvania.[1] Dkt. No. 9 at 3, ¶5. In a letter dated July 7, 2015, the USPS advised the plaintiff that he was not qualified to be employed by the USPS due to his medical history. Dkt. No. 1-2 at 1.

The July 7, 2015, letter from the USPS upon which the plaintiff bases his claim was issued in error, because the USPS used the wrong "template letter" to communicate its adverse decision to the plaintiff. Dkt. No. 9 at 3-4, ¶¶3-13. The plaintiff was not denied employment with the USPS based on any medical reason. Id. at 4, ¶11. Instead, the USPS deemed the plaintiff unsuitable for employment because of his prior employment history with USPS and the fact that the Postal Service has an active restraining order against the plaintiff. Id., ¶12. On September 1, 2015, the USPS sent a corrected letter to the plaintiff, explaining the correct reason for his disqualification. Id., ¶13. Before filing this case, the plaintiff did not submit a request for a copy of his medical records with either OPM or the USPS, the agency which allegedly used the records to deny him a USPS job. Id. at 3, ¶¶1-2.

---

[1] The government supported its proposed statement of undisputed facts with declarations executed by Linda K. Crump, Erin M. Dimick, Charles D. Watters, and Trina M. Porter. Dkt. Nos. 10-13. Mr. Pagels did not dispute any of the government's proposed statements of fact, so the court finds those facts to be undisputed for purposes of this motion.

2

## II. SUMMARY JUDGMENT STANDARDS

A court must grant summary judgment when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). A court appropriately grants summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (internal quotation marks omitted) (citation omitted). "A party will be successful in opposing summary judgment only when they present definite, competent evidence to rebut the motion." EEOC v. Sears, Roebuck & Co., 233 F.3d 432, 437 (7th Cir. 2000).

"Material facts" are those facts which "might affect the outcome of the suit," and a dispute about a material fact is "genuine" if a reasonable finder of fact could find in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). The party opposing summary judgment cannot simply rest on allegations or denials in its pleadings; it must also introduce affidavits or other evidence setting forth specific facts showing a genuine issue for trial. Anders v. Waste Mgm't of Wisconsin, 463 F.3d 670, 675 (7th Cir. 2006). The court views all facts and draws all reasonable inferences in favor of the nonmoving party, Tanner v. Jupiter Realty Corp., 433 F.3d 913,

3

915 (7th Cir. 2006), but "inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion," Herzog v. Graphic Packaging Int'l, Inc., 742 F.3d 802, 806 (7th Cir. 2014) (quoting Tubergen v. St. Vincent Hosp. & Health Care Ctr., Inc., 517 F.3d 470, 473 (7th Cir. 2008)).

## III. DISCUSSION

The court must grant the defendant's motion for summary judgment, because the plaintiff did not first exhaust his administrative remedies by requesting the USPS and OPM to provide him with copies of his medical records before filing his complaint. The Privacy Act of 1974, 5 U.S.C. §552a, governs this case because the plaintiff requests the production of records pertaining to himself and no one else. Id, §552a(b). The Act provides in relevant part:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . .
>
> * * *
>
> Each agency that maintains a system of records shall . . . upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him, except that the agency may require the individual to furnish a written statement authorizing discussion of that individual's record in the accompanying person's presence . . . .

4

Id., §552a(b), (d)(1). The Privacy Act allows an individual to bring a civil action against an agency in a federal district court if the agency "refuses to comply with an individual request under subsection (d)(1) of this section." Id., §552a(g)(1). If the agency has adopted procedures relating to handling requests for records, the individual must submit his request to the agency before filing a complaint. E.g., Bravata v. Securities & Exchange Comm'n, No. 14-1276, 2015 WL 4077446, at *4 (D.D.C. July 6, 2015) (collecting cases).

OPM and USPS each have procedures for the submission and processing of Privacy Act requests. 5 C.F.R. §§297.201 – 297.208 (OPM) and 39 C.F.R. §§266.6 – 266.9 (USPS). The plaintiff, however, did not make a Privacy Act request of either the OPM or the USPS before filing his complaint. Dkt. No. 9 at 3, ¶¶1-2. Exhaustion of administrative remedies is not required if the plaintiff challenges the adequacy of an agency's procedure, Bavido v. Apfel, 215 F.3d 743, 748 (7th Cir. 2000), but the plaintiff is not challenging the records request procedures of the OPM or the USPS—he is seeking an order directing the OPM to release his records. The court must enter summary judgment in the government's favor, because the plaintiff did not exhaust his administrative remedies—did not submit a Privacy Act request directly to the two agencies involved—before filing his complaint.

Alternatively, the government argues that the court should enter summary judgment in its favor because "the records sought by Mr. Pagels do not exist." Dkt. No. 9 at 6. The government contends that there are no medical records on which the government based its adverse employment decision,

5

because the plaintiff was denied employment because of his prior employment history with USPS and the restraining order currently in place against him, not his medical history. It is unnecessary for the court to reach this argument, because the plaintiff has failed to exhaust his administrative remedies by requesting copies of his medical records from the USPS and OPM.

The court will grant the government's motion for summary judgment and dismiss the plaintiff's complaint without prejudice.

### IV. CONCLUSION

The court **GRANTS** the defendant's motion for summary judgment (Dkt. No. 8), and **DISMISSES WITHOUT PREJUDICE** the plaintiff's complaint in its entirety. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil

Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

Dated in Milwaukee, Wisconsin this 26th day of May, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge